IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |
|---|---|
| DUJUAN THOMAS, | ) |
| | ) |
| Petitioner, | ) Criminal Action No. 1:13-cr-00135 |
| | ) |
| v. | ) Civil Action No. 1:14-cv-01640 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

More than fourteen months after his judgment of conviction became final, Petitioner DuJuan Thomas moved to vacate, set aside, or correct his sentence on two grounds of ineffective assistance of counsel. Petitioner contends his counsel failed to advise the Court that Petitioner joined the conspiracy at its end, and failed to object to the presentence report. Petitioner's motion fails on the merits and is otherwise untimely.

On May 21, 2013, Petitioner appeared before this Court with counsel, Pleasant S. Brodnax, III, and pled guilty to knowingly conspiring to distribute five kilograms or more of cocaine in

violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Pursuant to Fed. R. Crim. Pro. 11, the Court conducted a plea colloquy and found that Prisoner voluntarily and intelligently entered the plea and that a factual basis supported the plea.

According to Petitioner's signed Statement of Facts, which he swore at the plea hearing represented what "happened in fact," Petitioner participated in a cocaine conspiracy that began around May 2010 and continued through December 2011. Petitioner admitted that he supplied cocaine to Michael Freeman. Freeman then supplied that cocaine to Derrick Francis, who supplied cocaine to Derrick Frazier. Frazier redistributed the cocaine to customers around Alexandria, Virginia. Petitioner stipulated as true that he "was personally involved in the distribution of at least five kilograms, but less than 15 kilograms" of cocaine "or it was reasonably foreseeable to [him] that his co-conspirators distributed at least that amount, all in furtherance of the conspiracy." When the Court asked Petitioner if he disagreed with any particular portion of the Statement of Facts, he said "no." Petitioner's counsel explained that while Petitioner was not familiar with all the facts related to his co-conspirators that were included in the document, he agreed that the United States could prove them beyond a reasonable doubt.

By way of example of Petitioner's involvement in the

conspiracy, the Statement of Facts included a transaction in which Petitioner participated. On November 20, 2011, Petitioner distributed an unspecified quantity of cocaine to Freeman in Prince George's County, Maryland. Two days later, Petitioner met Freeman at Freeman's residence to collect payment for the cocaine. One week later, Freeman called Petitioner to solicit additional cocaine. Days later, Dante Gaymon delivered cocaine from Petitioner to Freeman. Freeman called his customers, including Frances, to tell them that he had more cocaine to distribute.

On August 30, 2013, this Court found that the Guidelines range for Petitioner's sentence was 262 to 327 months, and that the sentencing factors counseled in favor of a downward variance. This Court sentenced Petitioner to 235 months of imprisonment, five years of supervised release, and a $100 special assessment fine. Petitioner neither filed notice of appeal nor alleges that he asked Mr. Brodnax to do so.

On December 1, 2014, Petitioner filed this Motion. Again, Petitioner argued two grounds: counsel rendered ineffective assistance by failing "to advise the court that [Petitioner] joined the conspiracy at the end," and by failing to object to the presentence report in which the probation officer relied on statements regarding drugs distributed before Petitioner joined the conspiracy. Petitioner argued that the one-year statutory

period for filing notice of appeal should have begun on November 30, 2013. He stated that his counsel waited until the final week of November 2014 to tell Petitioner that he had not filed notice of appeal.

On January 6, 2015, Petitioner filed a motion for leave to expand the record and supplement his defective Section 2255 motion, and an affidavit in support of his original motion. There, Petitioner argued for the first time that equitable tolling permits this Court to entertain his untimely motion he filed on December 1, 2014. Petitioner attached excerpts from emails that he sent to Mr. Michael Lawlor, an attorney whom Petitioner allegedly retained to collaterally attack his prior state convictions. Petitioner alleged in his affidavit that, among other things, Mr. Brodnax advised him to enter a guilty plea "without [Petitioner] ever being entitled to read or review the indictment, plea agreement or plea agreement statement of facts" and that, had Mr. Brodnax shown him the evidence, he would not have entered a guilty plea and would have proceeded to trial. Without any factual support from the record, Petitioner asserts that had these things occurred, "the outcome of the proceedings would have been different." The United States responded on January 28, 2015, asserting that Petitioner's motion lacked merit because it contradicted his sworn statement at plea colloquy, the veracity of which is strongly presumed;

and because the motion was time barred. Petitioner responded on February 20, 2015, reiterating his position.

Under 28 U.S.C. § 2255(a), there are four grounds on which a prisoner in federal custody may move to vacate, set aside, or correct his sentence: the sentence was imposed in violation of the Constitution or the laws of the United States; the court was without jurisdiction to impose the sentence; the sentence was in excess of the maximum authorized by law; or the sentence is otherwise subject to collateral attack. Here, Petitioner seeks the latter.

A sentence is "otherwise subject to collateral attack" only in the instance of a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979)(internal citation omitted). To prevail on a motion to vacate, set aside, or correct a sentence, a federal prisoner must prove his grounds for relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Petitioner presumably collaterally attacks his sentence as violating his Sixth Amendment right to effective assistance of counsel, which provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. In Strickland v. Washington, the U.S. Supreme Court

held that the Sixth Amendment right to counsel includes the right to the effective assistance of counsel. 466 U.S. 668, 686 (1984). To establish a claim for ineffective assistance of counsel, a defendant must prove that his counsel's conduct fell below an objective standard of reasonableness and that the deficient performance caused the defendant actual prejudice. <u>Id.</u> at 687-88, 691-92. "The defendant bears the burden of proof as to both prongs of the [<u>Strickland</u>] standard." <u>United States v. Luck</u>, 611 F.3d 183, 186 (4th Cir. 2010).

Under <u>Strickland</u>, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 689. The <u>Strickland</u> standard is highly deferential to counsel. <u>Id.</u> at 686, 689, 690. The evaluation of a defense counsel's performance is made from his or her perspective at the time of the alleged error and in the light of all circumstances. <u>Id.</u> at 690.

Petitioner fails to establish the first <u>Strickland</u> prong that counsel's conduct fell below an objective standard of reasonableness. 466 U.S. at 688. Petitioner contends that he should not be held accountable for distributing between five and fifteen kilograms of cocaine and that Mr. Brodnax was

ineffective for failing to object to the quantity of drugs attributable to him. These contentions are contradicted on the face of the Plea Agreement, the Statement of Facts, and by prisoner's sworn testimony at the Rule 11 colloquy. Within the Fourth Circuit, absent extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; accord, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (holding that "the representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings," and "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"). Indeed, "statements made during a Rule 11 colloquy are *per se* credible, making an evidentiary hearing unnecessary to resolve issues presented in a petitioner's § 2255 motion that are contrary to statements made during a Rule 11 colloquy." Reighard v. United States, No. 1:11-CR-408, 2014 WL 3858525, at *5 (E.D. Va. Aug. 4, 2014).

On the matter of Mr. Brodnax failing to object to the quantity of drugs attributable to Petitioner, the first

Strickland prong is not satisfied. Given that Petitioner gave three distinct affirmations of the alleged conduct, and given the established deference to sworn statements made during a Rule 11 colloquy, this Court finds no reason to disbelieve that Mr. Brodnax's conduct was outside "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner's affidavit also asserts that Mr. Brodnax failed to show him the indictment, discovery, plea agreement, and statement of facts. The "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" is not overcome here, either. Strickland, 466 U.S. at 689. Any claim that Petitioner did not knowingly enter his guilty plea is again refuted by his testimony at the plea hearing, as well as Mr. Brodnax's affidavit. During the Rule 11 colloquy, Petitioner told the Court that he had sufficient time to confer with his attorney, that he personally reviewed the Statement of Facts, and that he had reviewed it with Mr. Brodnax. Mr. Brodnax confirms this account in his affidavit. Mr. Brodnax stated that he met with Petitioner multiple times after his arraignment to discuss the indictment, the discovery, and the parameters of the plea agreement as well as any possible defenses. Petitioner's allegations in his motion and affidavit directly contradict his statements in the plea hearing and, accordingly, are always considered "'palpably incredible' and

'patently frivolous or false.'" Lemaster, 403 F.3d at 221. Again, Petitioner's argument does not convince this Court to disbelieve that Mr. Brodnax's conduct was outside "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Even if Petitioner participated in the cocaine conspiracy only after November 2011, Mr. Brodnax did not render deficient counsel by failing to object to drug transactions about which Petitioner was unaware. Petitioner could reasonably foresee that the conspiracy as a whole distributed between five to fifteen kilograms of cocaine. Petitioner argues that he should not have been sentenced based on certain drug transactions because he lacked knowledge of his co-conspirators' actions. The law of conspiracy disagrees. So long as Petitioner joined the conspiracy with an understanding of its unlawful nature and willfully joined in the plan on one occasion, he may properly be convicted of conspiracy, "even though he had not participated before and even though he played only a minor part." United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (quoting United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989)). "[T]he Government need not prove that the defendant knew the particulars of the conspiracy or all of his coconspirators" to be held liable; the transactions must only be reasonably foreseeable to the defendant. Burgos, 94 F.3d at 858.

Mr. Brodnax addressed these very concerns with Petitioner about liability for the conspiracy before Petitioner executed the plea agreement, and Mr. Brodnax explained to the Court at the plea hearing that Petitioner had reservations about his knowledge of the details of his co-conspirators' activities, but did not disagree that the United States could prove the facts beyond a reasonable doubt. Because Mr. Brodnax's representation did not fall below an objective standard of reasonableness, the first Strickland prong is not met and the argument may not succeed. Further, though, the second Strickland prong also fails in this case.

Even if Mr. Brodnax's performance was objectively unreasonable, Petitioner must also prove that his or her defense was actually prejudiced by the inadequate performance. See Strickland, 466 U.S. at 692. Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 669. A showing that "the errors had some conceivable effect on the outcome of the proceeding" is not enough; the errors must be "sufficient to undermine confidence in the outcome." Id. at 693, 694.

Here, Petitioner does not establish "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner does not reasonably establish that the result of the proceeding would have been different if Mr. Brodnax had objected to drug transactions about which Petitioner was unaware. Petitioner's argument that Mr. Brodnax did not show him the indictment, discovery, plea agreement, and statement of facts need not be considered because the facts in evidence clearly demonstrate the contrary.

Petitioner's memorandum in support of his motion argues that "there is no probable accuracy to support the 5 to 15 kilograms of cocaine in which the petitioner is being held accountable," and that his "counsel was ineffective for not objecting to or challenging the drug amounts that were attributed to him." Petitioner asserts that all pertinent illegal activity occurred prior to his joining the conspiracy. But his admissions at the Rule 11 colloquy belie such contentions. He told this Court that the Statement of Facts, which he also signed, reflected what happened, that he did not disagree with any particular included in the Statement of Facts, and that he made no claim of innocence as to the indictment. The Statement of Facts included this paragraph:

> During the course and in furtherance of his participation in the conspiracy, the defendant was personally involved in the distribution of at least

>     five kilograms, but less than 15 kilograms, of a
>     mixture and substance containing a detectable amount
>     of cocaine, or it was reasonably foreseeable to the
>     defendant that his co-conspirators distributed at
>     least that amount, all in furtherance of the
>     conspiracy.

Dkt. 19 ¶ 14. Petitioner admitted these facts in his signed plea agreement and also that they established his guilt beyond a reasonable doubt to the charged offense. Viewed against the record of the plea hearing, Petitioner's new denial of the factual basis for his guilty plea is not credible. In sum, where both are required, Petitioner fails to meet either prong of the Strickland test for ineffective assistance of counsel.

Moreover, even if the Strickland test was satisfied, Petitioner's motion is untimely.

Petitioner's motion is procedurally barred because he failed to file it within the one-year statute of limitations. Equitable tolling does not extend that deadline. However, even if equitable tolling applied, the Court would deny Petitioner's motion in light of his own sworn statements at the plea colloquy. Petitioner swore that he personally distributed, or reasonably foresaw that his co-conspirators would distribute, between five and fifteen kilograms of cocaine. That testimony contradicts Petitioner's motion and affidavit in which claims he was unaware of these facts.

A one-year statute of limitations governs a federal

prisoner's motion for collateral relief. The latest of these four conditions triggers the clock:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's one-year statute of limitations expired on September 13, 2014, one year and fourteen days after the Court entered the judgment of conviction against him on August 30, 2013. A judgment of conviction becomes final when the last appeal is taken or the time to file such an appeal expires. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. Sept. 13, 2011) ("[Prisoner] was required to file his § 2255 motion within one year from the date on which his judgment of conviction became final by the conclusion of direct

review or expiration of the time for seeking such review.")

Here, Petitioner had fourteen days to file a notice of appeal to the Fourth Circuit. <u>See</u> Fed. R. App. P. 4(b)(1). Because he failed to do so, his judgment of conviction became final on September 13, 2013. Petitioner did not file his motion under Section 2255 until December 1, 2014, well beyond the one-year time period.

Although not entirely clear in his initial motion for relief, Petitioner asserts that his motion is timely because the one-year period did not begin to run until November 30, 2013, which was ninety days after the Court entered a judgment of conviction against him. But Petitioner cannot extend the statutory time period under Section 2255: he was not entitled to seek certiorari review from the Supreme Court because he never filed a direct appeal.

In his subsequent motion for leave to expand the record and supplement his defective Section 2255 motion, Petitioner argues that equitable tolling applies here, but that courts should equitably toll the one-year statute of limitations only in rare circumstances. Petitioner's is not one of them. To succeed on a claim of equitable tolling, a prisoner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Whiteside v. United States</u>, 775 F.3d 180, 184

(4th Cir. 2014) cert. denied, 135 S. Ct. 2890 (2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted)). As a result, equitable tolling of the statute of limitations period is appropriate only in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) cert. denied, 135 S. Ct. 2890 (2015) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Such guarded and infrequent application of equitable tolling is necessary "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner's second motion, which he titles a request to expand the record, constitutes an impermissible second or successive motion outside the parameters of Section 2255 without certification from the Fourth Circuit. See 28 U.S.C. § 2255(h).

The Court need not consider Petitioner's equitable tolling argument raised for the first time in this second motion. Petitioner fails to demonstrate that an extraordinary circumstance prevented him from filing a timely motion and that gross injustice would result if the Court enforced the one-year deadline. Petitioner asserts, both in his motion and subsequent

affidavit, that he retained Mr. Michael Lawlor to challenge his prior state convictions and, if successful at doing so, then to challenge his designation as a career offender in a federal collateral proceeding. The email excerpts that Petitioner attached to his second motion reflect this limited scope of Mr. Lawlor's representation of Petitioner as well as Mr. Lawlor's conclusion that Petitioner lacked any ground to attack his state convictions. Petitioner does not argue that Mr. Lawlor's legal conclusion regarding his state convictions was an erroneous one, much less an egregious one, and he cannot, therefore, demonstrate that he deserves the extraordinary relief of equitable tolling. Regardless, if Petitioner later succeeds at challenging his predicate state convictions, he may seek relief based on his altered legal status, which is a fact for purposes of collateral relief. See Johnson v. United States, 544 U.S. 295, 300-02 (2005) (concluding that the vacatur of a prior conviction that enhanced a federal sentence was a new fact for purposes of subsection (f)(4) of 28 U.S.C. § 2255).

Finally, an evidentiary hearing is unnecessary. Section 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where, as here, a prisoner's motion is "conclusively refuted as to the alleged facts by the files and the records of the

case," a hearing is not required. Reighard, 2014 WL 3858525, at *4 (citation and internal quotation marks omitted); see also, e.g., Lemaster, 403 F.3d at 221-22. Not only do Petitioner's own admissions in the Statement of Facts and at the plea hearing foreclose his motion for relief, but the affidavit of Mr. Brodnax renders any evidentiary hearing unnecessary.

Petitioner fails to identify, by preponderance of the evidence, a "fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185; Vanater, 377 F.2d at 900. Petitioner's motion to vacate, set aside, or correct his sentence relies on allegations that contradict his sworn statements. Petitioner failed to file a timely motion and equitable tolling provides no safe harbor for him. Accordingly, this Court denies Petitioner's motion as substantively and procedurally barred.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 28, 2015